RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAR -1  A 9: 30

U.S. DISTRICT COURT
DIST. OF MASS.

| | |
|---|---|
| MARY NEWELL, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>CELEDON SECURITY SERVICES, INC., )<br>RODNEY BUTLER; KEITH GREEN; )<br>AND ABEDEKADER KOUIDRI, )<br>Defendants. ) | DOCKET NO.<br><br>04 - 10429 WGY<br><br>MAGISTRATE JUDGE _____ |

## COMPLAINT AND CLAIM FOR JURY TRIAL

### Jurisdiction

1.  Jurisdiction of this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

### Venue

2.  Venue is proper in this court in that this is the judicial district in which Plaintiff and Defendants reside and in which the relevant events occurred.

### Parties

3.  Plaintiff Mary Newell ("Plaintiff") is an individual residing in Dorchester, Suffolk County, Massachusetts.

4.  Defendant Celedon Security Services, Inc. ("Celedon) is a corporation doing business in the Commonwealth of Massachusetts with a principal place of business at 77 North Washington Street, Boston, Suffolk County, Massachusetts.

5.  Defendant Rodney Butler ("Butler") is an individual with a last known place of business at 77 North Washington Street, Boston, Suffolk County, Massachusetts.

6. Defendant Keith Green ("Green") is an individual with a last known place of business at 77 North Washington Street, Boston, Suffolk County, Massachusetts.

7. Defendant Abedekader Kouidri ("Kouidri") is an individual with a last known place of business at 77 North Washington Street, Boston, Suffolk County, Massachusetts

General Allegations

8. Plaintiff was employed by Celedon as a security guard from approximately December 11, 2000 to approximately May 11, 2001.

9. At all times material, Defendant Butler was an employee of Celedon and a supervisor at Celedon with supervisory responsibility over Plaintiff.

10. At all times material, Defendant Green was an employee of Celedon and a supervisor at Celedon with supervisory responsibility over Plaintiff.

11. At all times material, Defendant Kouidri was an employee of Celedon and a supervisor at Celedon with supervisory responsibility over Plaintiff.

12. Plaintiff performed her job satisfactorily at all relevant times.

13. During the course of her employment, Plaintiff was assigned by Celedon to work at various sites.

14. On or about May 5, 2001, Plaintiff was assigned to the One Kendall Square site in Boston ("One Kendall Square").

15. On or about May 5, 2001, Plaintiff was sexually harassed and sexually assaulted at One Kendall Square by Defendant Kouidri.

16. Kouidri exercised supervisory powers over Plaintiff, including giving Plaintiff orders.

17. The sexual harassment by Kouidri consisted of unwelcome physical touching and remarks of a sexual nature.

18. On or about May 7, 2001, Plaintiff reported the sexual harassment and sexual assault by Kouidri to Celedon.

19. Celedon failed to properly investigate Plaintiff's complaint, failed to take appropriate corrective action against Kouidri and failed to advise Plaintiff concerning any action taken in response to her complaint.

20. Celedon, Butler and Green retaliated against Plaintiff because she complained about the sexual harassment of Kouidri.

21. The retaliation began with Butler removing Plaintiff from One Kendall Square shortly after her complaint of sexual harassment and assigning her to a different site, Seaport at Marina Bay in Quincy, Massachusetts ("Marina Bay").

22. At One Kendall Square, Plaintiff was paid $8.50 per hour plus overtime and the assignment involved weekend hours.

23. The Marina Bay assignment paid $6.50 per hour and the assignment involved weeknights.

24. In addition, unlike One Kendall Square, there was no public transportation to the Marina Bay site.

25. Plaintiff had to rely upon Celedon to assign someone to pick her up at Marina Bay at the end of her shift.

26. Celedon assigned Defendant Green to pick Plaintiff up at the end of her shift.

27. Plaintiff's hours at Marina Bay were 5:00 p.m. to 12:00 midnight.

28. On or about May 11, 2001, Plaintiff was working at the Marina Bay site.

29. Earlier that day, Plaintiff advised Defendant Butler that she did not have a phone.

30. Butler told Plaintiff that a phone would be provided for her.

3

31. Despite his promise, Butler failed to provide Plaintiff with a phone.

32. Plaintiff finished her shift at Marina Bay that evening at midnight. However, Green did not arrive to transport Plaintiff home.

33. Plaintiff was stranded at Marina Bay late at night without a phone.

34. Plaintiff waited until approximately 12:45 a.m. for Green to arrive. Then she proceeded to walk home.

35. Plaintiff's trip home alone at that late hour was frightening and traumatic to her.

36. Celedon's conduct in stranding Plaintiff at Marina Bay under those circumstances represented a construction discharge of Plaintiff.

37. Plaintiff formally resigned from her employment at Celedon on May 18, 2001.

38. On 5/31/01, Plaintiff filed a charge of sex discrimination, sexual harassment and retaliation against Celedon with the Massachusetts Commission Against Discrimination ("MCAD")

39. In response to the MCAD charge, Butler falsely stated under oath that he had made several attempts to interview Plaintiff regarding the sexual harassment complaint.

40. In response to the MCAD charge, Butler falsely stated under oath that Plaintiff's hours at Marina Bay were 5:00 p.m. to 1:00 a.m.

41. Defendants intentionally discriminated against Plaintiff based on sex.

42. Defendants' acts were intentional, malicious and/or done with reckless indifference to Plaintiff's rights.

43. Plaintiff has been injured and damaged by Defendants' acts.

44. Celedon at all times material employed more than fifteen persons.

4

45.  Plaintiff has complied with all statutory requirements and conditions precedent necessary to maintain this action by filing a timely charge with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").

46.  On December 4, 2003, the EEOC issued Plaintiff a notice of right to sue.

## COUNT I
### Sexual Harassment And Discrimination Based On Sex
(Violation of Title VII of the Civil Rights Act of 1964)
(Against Celedon only)

47.  Plaintiff repeats the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48.  Celedon's acts represent, inter alia, intentional discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

## COUNT II
### Retaliation
(Violation of Title VII of the Civil Rights Act of 1964)
(Against Celedon only)

49.  Plaintiff repeats the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50.  Celedon discriminated against Plaintiff because she opposed acts or practices made unlawful by Title VII.

51.  Celedon's conduct represents, inter alia, retaliation in violation of 42 U.S.C. § 2000e-3(a).

## COUNT III
### Sexual Harassment And Discrimination Based On Sex
(Violation of M.G.L. c. 151B)
(Against Defendants Celedon and Kouidri only)

52. Plaintiff repeats the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53. The conduct of Defendants Celedon and Kouidri represents, inter alia, intentional discrimination on the basis of sex in violation of M.G.L. c. 151B, s. 4(1) and sexual harassment in violation of M.G.L. c. 151B, s. 4(16A)

## COUNT IV
### Retaliation
(Violation of M.G.L. c. 151B)
(Against Defendants Celedon, Butler and Green only)

54. Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55. The conduct of Defendants Celedon, Butler and Green represents, inter alia, retaliation in violation of M.G.L. c. 151B, s. 4(4) and 4(4A).

56. Defendants Butler and Green aided and abetted Celedon in such discrimination and unlawfully interfered with Plaintiff's rights in violation of M.G.L. c. 151B, s. 4(4A) and 4(5).

## COUNT V
### Intentional Infliction Of Emotional Distress
(Against Defendants Butler, Green and Kouidri only)

57. Plaintiff repeats the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58. Defendants Butler, Green and Kouidri intended to inflict emotional distress upon Plaintiff or they knew or should have known that emotional distress was the likely result of their conduct.

59. The conduct of these Defendants was extreme and outrageous and beyond all possible bounds of decency and utterly intolerable in a civilized community.

60. The actions of these Defendants caused severe emotional distress.

61. Plaintiff's emotional distress was severe and of a nature that no reasonable person could be expected to endure it.

## COUNT VI
### Tortious Interference With Advantageous Contractual Relations
(Against Defendants Butler and Green only)

62. Plaintiff repeats the allegations contained in paragraphs 1 through 61 as if fully set forth herein.

63. Plaintiff had advantageous contractual relations with Celedon with a reasonable expectation of continued employment and advancement.

64. Defendants Butler and Green knowingly interfered with Plaintiff's employment.

65. The interference of Defendants Butler and Green was intentional and was improper in motive or means.

66. Plaintiff was damaged and harmed thereby.

## COUNT VII
### Assault and Battery
(Against Defendant Kouidri only)

67. Plaintiff repeats the allegations contained in paragraphs 1 through 66 as if fully set forth herein.

68. Defendant Kouidri's conduct represents an unlawful assault and battery upon Plaintiff.

69. Plaintiff was damaged and harmed thereby.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff prays that this Honorable Court:

A. Enter judgment against Defendant Celedon on Count I for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

B. Enter judgment against Defendant Celedon on Count II for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

C. Enter judgment against Defendants Celedon and Kouidri on Count III for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

D. Enter judgment against Defendants Celedon, Butler and Green on Count IV for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

E. Enter judgment against Defendants Butler, Green and Kouidri on Count V for compensatory damages, interest and costs.

F. Enter judgment against Defendants Butler and Green on Count VI for compensatory damages, interest and costs.

G.  Enter judgment against Defendant Kouidri on Count VII for compensatory damages, interest and costs.

H.  Order Defendant Celedon to reinstate Plaintiff with back pay

I.  Enter such other and further relief as this Honorable Court may deem just and proper.

**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL COUNTS.**

MARY NEWELL,

By her Attorney,

_____
Richard A. Mulhearn
BBO #: 359680
Law Offices of Richard A. Mulhearn
41 Elm Street
Worcester, MA 01609
Telephone: (508) 753-9999

February 29, 2004.