UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 10 P 3: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

MARY NEWELL,
    Plaintiff,

v.

CELADON SECURITY SERVICES, INC.,
RODNEY BUTLER, KEITH GREEN
AND ABEDEKADER KOUIDRI,
    Defendants

CIVIL ACTION
NUMBER: 04-10429-WGY

## ANSWER OF DEFENDANT, CELADON SECURITY SERVICES, INC., TO COMPLAINT OF PLAINTIFF, MARY NEWELL, AND COUNTERCLAIM

Now comes the Defendant, Celadon Security Services, Inc. ("Defendant") and replies paragraphically to the Complaint of the Plaintiff, Mary Newell, as follows:

### JURISDICTION

1.     The Defendant denies the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

### VENUE

2.     The Defendant denies the allegations contained in Paragraph 2 of the Plaintiff's Complaint. Further answering, the Defendant states that Celadon Security Services, Inc. is a duly organized Massachusetts corporation with a principal office located at 77 North Washington Street, Boston, MA 02114.

## PARTIES

3. The Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendant admits the allegation contained in Paragraph 4 of the Plaintiff's Complaint.

5. The Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. The Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. The Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

## GENERAL ALLEGATIONS

8. The Defendant denies the allegation contained in Paragraph 8 of the Plaintiff's Complaint.

9. The Defendant denies the allegation contained in Paragraph 9 of the Plaintiff's Complaint.

10. The Defendant denies the allegation contained in Paragraph 10 of the Plaintiff's Complaint.

11. The Defendant denies the allegation contained in Paragraph 11 of the Plaintiff's Complaint.

12. The Defendant denies the allegation contained in Paragraph 12 of the Plaintiff's Complaint.

13. The Defendant admits the allegation contained in Paragraph 13 of the Plaintiff's Complaint.

14. The Defendant admits the allegation contained in Paragraph 14 of the Plaintiff's Complaint.

15. The Defendant denies the allegation contained in Paragraph 15 of the Plaintiff's Complaint.

16. The Defendant denies the allegation contained in Paragraph 16 of the Plaintiff's Complaint.

17. The Defendant denies the allegation contained in Paragraph 17 of the Plaintiff's Complaint.

18. The Defendant admits the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. The Defendant denies the allegation contained in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendant denies the allegation contained in Paragraph 20 of the Plaintiff's Complaint.

21. The Defendant denies the allegation contained in Paragraph 21 of the Plaintiff's Complaint.

22. The Defendant denies the allegation contained in Paragraph 22 of the Plaintiff's Complaint.

23. The Defendant admits the allegation contained in Paragraph 23 of the Plaintiff's Complaint.

24. The Defendant denies the allegation contained in Paragraph 24 of the Plaintiff's Complaint.

25. The Defendant denies the allegation contained in Paragraph 25 of the Plaintiff's Complaint.

26. The Defendant denies the allegation contained in Paragraph 26 of the Plaintiff's Complaint.

27. The Defendant denies the allegation contained in Paragraph 27 of the Plaintiff's Complaint.

28. The Defendant denies the allegation contained in Paragraph 28 of the Plaintiff's Complaint.

29. The Defendant denies the allegation contained in Paragraph 29 of the Plaintiff's Complaint.

30. The Defendant denies the allegation contained in Paragraph 30 of the Plaintiff's Complaint.

31. The Defendant denies the allegation contained in Paragraph 31 of the Plaintiff's Complaint.

32. The Defendant denies the allegation contained in Paragraph 32 of the Plaintiff's Complaint.

33. The Defendant denies the allegation contained in Paragraph 33 of the Plaintiff's Complaint.

34. The Defendant denies the allegation contained in Paragraph 34 of the Plaintiff's Complaint.

35. The Defendant denies the allegation contained in Paragraph 35 of the Plaintiff's Complaint.

36. The Defendant denies the allegation contained in Paragraph 36 of the Plaintiff's Complaint.

37. The Defendant denies the allegation contained in Paragraph 37 of the Plaintiff's Complaint.

38. The Defendant admits the allegation contained in Paragraph 38 of the Plaintiff's Complaint.

39. The Defendant denies the allegation contained in Paragraph 39 of the Plaintiff's Complaint.

40. The Defendant denies the allegation contained in Paragraph 40 of the Plaintiff's Complaint.

41. The Defendant denies the allegation contained in Paragraph 41 of the Plaintiff's Complaint.

42. The Defendant denies the allegation contained in Paragraph 42 of the Plaintiff's Complaint.

43. The Defendant denies the allegation contained in Paragraph 43 of the Plaintiff's Complaint.

44. The Defendant admits the allegation contained in Paragraph 44 of the Plaintiff's Complaint.

45. The Defendant denies the allegation contained in Paragraph 45 of the Plaintiff's Complaint.

46. The Defendant is without sufficient knowledge to either admit or deny the allegation contained in Paragraph 46 of the Plaintiff's Complaint.

### Count I
### Sexual Harassment and Discrimination Based on Sex
### (Defendant Celadon)

47. The Defendant restates the answers contained in the previous paragraphs as fully as though they were set forth herein.

48. The Defendant denies the allegation contained in Paragraph 48 of the Plaintiff's Complaint.

### Count II
### Retaliation
### (Defendant Celadon)

49. The Defendant restates the answers contained in the previous paragraphs as fully as though they were set forth herein.

50. The Defendant denies the allegation contained in Paragraph 50 of the Plaintiff's Complaint.

51. The Defendant denies the allegation contained in Paragraph 51 of the Plaintiff's Complaint.

### Count III
### Sexual Harassment and Discrimination Based on Sex
### (Defendants Celadon and Kouidri)

52. The Defendant restates the answers contained in the previous paragraphs as fully as though they were set forth herein.

53. The Defendant denies the allegation contained in Paragraph 53 of the Plaintiff's Complaint.

## Count IV
## Retaliation
### (Defendants Celadon, Butler & Green)

54. The Defendant restates the answers contained in the previous paragraphs as fully as though they were set forth herein.

55. The Defendant denies the allegation contained in Paragraph 55 of the Plaintiff's Complaint.

56. The Defendant denies the allegation contained in Paragraph 56 of the Plaintiff's Complaint.

## Count V
## Intentional Infliction of Emotional Distress
### (Defendants Butler, Green & Kouidri)

57. The Defendant restates the answers contained in the previous paragraphs as fully as though they were set forth herein.

58. Paragraph 58 of the Complaint sets forth no allegations against the Defendant and, therefore, no response is required.

59. Paragraph 59 of the Complaint sets forth no allegations against the Defendant and, therefore, no response is required.

60. Paragraph 60 of the Complaint sets forth no allegations against the Defendant and, therefore, no response is required.

61. Paragraph 61 of the Complaint sets forth no allegations against the Defendant and, therefore, no response is required.

## Count VI
### Tortious Interference with Advantageous Contractual Relations
### (Defendants Butler & Green)

62. The Defendant restates the answers contained in the previous paragraphs as fully as though they were set forth herein.

63. Paragraph 63 of the Complaint sets forth no allegations against the Defendant and, therefore, no response is required.

64. Paragraph 64 of the Complaint sets forth no allegations against the Defendant and, therefore, no response is required.

65. Paragraph 65 of the Complaint sets forth no allegations against the Defendant and, therefore, no response is required.

66. Paragraph 66 of the Complaint sets forth no allegations against the Defendant and, therefore, no response is required.

## Count VII
### Assault and Battery
### (Defendant Kouidri)

67. The Defendant restates the answers contained in the previous paragraphs as fully as though they were set forth herein.

68. Paragraph 68 of the Complaint sets forth no allegations against the Defendant and, therefore, no response is required.

69. Paragraph 69 of the Complaint sets forth no allegations against the Defendant and, therefore, no response is required.

### First Affirmative Defense

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Defendant says that the Plaintiff, by her actions, is estopped from recovering any judgment against the Defendant.

### Third Affirmative Defense

The Defendant says that the Plaintiff, by her conduct and actions, has waived any and all rights she may have had against the Defendant, and therefore, the Plaintiff cannot recover in this action.

### Fourth Affirmative Defense

The Defendant says that it was justified in its conduct and acts and is, therefore, not liable to the Plaintiff as alleged in the Complaint.

### Fifth Affirmative Defense

The Defendant says that the action is barred by laches.

### Sixth Affirmative Defense

If the Plaintiff suffered any injury or damage as alleged, such damage was caused by the intervening and superseding act or acts or omissions of parties other than the Defendant, and said act or acts or omissions by the Defendant of which it might be considered liable to the Plaintiff could not reasonably have been foreseen by the Defendant.

### Seventh Affirmative Defense

The Complaint must be dismissed for failure of service of process and for insufficiency of service of process.

### Eighth Affirmative Defense

The Defendant says that if it failed to perform any obligations referred to in the Complaint, it was excused from the performance of such obligations.

### Ninth Affirmative Defense

The Defendant says that the injuries or damage alleged were caused in whole or in part by the violation by the Plaintiff, and/or her servants or agents, of the various statutes, ordinances and regulations governing the conduct of the parties at the time said damages were sustained.

### Tenth Affirmative Defense

The Defendant says that the Plaintiff has failed to commence this action within the time afforded by the pertinent statute of limitations and therefore cannot maintain this action.

### Eleventh Affirmative Defense

The Defendant says that the Plaintiff has suffered no damages as a result of any act or omission on the part of the Defendant.

### Twelfth Affirmative Defense

The Defendant states that every action taken by the Defendant with respect to the Plaintiff was undertaken in good faith and for legitimate business purposes.

### Thirteenth Affirmative Defense

The Defendant maintains policies against discrimination and harassment on the basis of sex. The Plaintiff unreasonably failed to utilize the complaint procedure in the policy or to otherwise prevent the harm about which she complains in this lawsuit.

### Fourteenth Affirmative Defense

The Plaintiff's claims for damages are barred, in whole or in part, by her failure to mitigate damages.

### Fifteenth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of unclean hands.

### Sixteenth Affirmative Defense

The Defendant reserves the right to raise any and all additional defenses applicable to this case.

WHEREFORE, the Defendant Celadon Security Services, Inc., requests that the Complaint of the Plaintiff be dismissed and that this Honorable Court award the Defendant reasonable attorney's fees, interest, costs and expenses incurred in defending against said Complaint.

## COUNTERCLAIM

Count 1
(Malicious Abuse of Process)

1. The Plaintiff, Mary Newell ("Newell") has filed a Complaint against the Defendant, Celadon Security Services, Inc. ("Celadon") alleging sexual discrimination.

2. Newell's Complaint falsely and maliciously accuses Celadon of sexual discrimination in an attempt to extort monies from Celadon, perpetrate a fraud upon Celadon, and to perpetrate a fraud upon the Court.

3. The Complaint was commenced and instituted by Newell without basis and was done frivolously and maliciously and with intent to harm Celadon. Newell's conduct and intent is clear in light of the fact that the Massachusetts Commission Against Discrimination ("MCAD") issued a finding of lack of probable cause thereby determining that the Defendant did not discriminate against Newell. Specifically, on September 16, 2003, the MCAD issued a finding of no probable cause (Attachment A). As such, this claim is based on factual allegations that are clearly baseless.

4. The commencement and prosecution of the Complaint constitutes a malicious perversion of the use of legitimate process to achieve an ulterior motive. Specifically, the Complaint was filed without justification and for the purpose of extorting monies from Celadon and destroying the credit, reputation and business of Celadon.

5. The institution of these proceedings by Newell against Celadon has caused Celadon great loss of money, damage to its business, business reputation and other damage.

Wherefore, Celadon demands that this Honorable Court:

a. Award Celadon damages against Newell, plus interest, cost and reasonable attorneys fees; and

b. Award such other and further relief as this Court deems meet and just in these premises.

### Jury Claim

The Defendant demands a trial by jury on all issues in this proceeding.

The Defendant,
Celadon Security Services, Inc.
By its attorneys,

_____
Edward D. Kutchin, Esquire
BBO No. 281920
Andrew Stempler, Esquire
BBO No. 559241
Kutchin & Rufo, P.C.
155 Federal Street
Boston, MA  02110-2210
(617) 542-3000

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within document by mailing first class a copy thereof, postage prepaid, to Richard A. Mulhearn, Esq., 41 Elm Street, Worcester, MA 01609.

June 10, 2004

_____
Andrew Stempler

F:\3687\Pleadings\Answer.Doc

# EXHIBIT A

SEP 1 8 2003

## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
ONE ASHBURTON PLACE, ROOM 601 BOSTON, MA 02108
(617) 727-3990

### -DISMISSAL and NOTIFICATION of RIGHTS-

| To: | Mary Newell<br>2262 Dorchester Ave. #110<br>Dorchester, MA 02121 | Case: Newell v. Celadone Security<br>MCAD Docket #: 01-13-1482<br>EEOC No: 16CA11793<br>Investigator: Jeannine Rice |
|---|---|---|

Your complaint is dismissed for the following reason(s):

[ ]   The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[ ]   Respondent employs less than the required number of employees.

[ ]   Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]   You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]   The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]   The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[X]   The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ]   Other:

### -NOTICE OF APPEAL-
If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this commission within 10 days after receipt of this notice. Your appeal of the dismissal must be made in writing by you or your attorney to the appeals clerk of this Commission. (Attention: Ms. Nancy To).

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, One Congress Street Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA as amended.

Walter J. Sullivan
Investigating Commissioner

Date: 9/16/03

Edward D. Kutchin
Kutchin & Rufo
175 Federal Street
Boston, MA 02110

TO: Case File
Newell, Mary v. Celedon Security Services, Inc.
01-13-1482
EEOC#: 16CA117931
No. of Ees: 25+

FROM: Jeannine Rice

RE: Recommendation for Dismissal of Complaint

**Issues Investigated:**

Whether Complainant was subjected to discrimination on the basis of Sex (Sexual Harassment) and Other (Retaliation) when she was constructively discharged following her filing a sexual harassment complaint in violation of Chapter 151B, §4, ¶16A, 4 and Title VII of the 1964 Civil Rights Act as amended.

**Summary of Findings:**

Complainant worked for the Respondent as a security guard for five months beginning on December 11, 2000. She claims she was sexually assaulted by a "foreign employee" Abedekader Kouidri. Complainant stated Kouidri was out of uniform at the time of the incident, always gave her orders and was very pushy because she was the only female on site." Complainant alleges this incident took place on May 1 when she was working overtime at 1 Kendall Place. Complainant further alleges that she was stranded at a dangerous work site without transportation or a phone in retaliation for filing the complaint. As a result of the hostile work environment and Respondent's retaliatory actions, the Complainant resigned on May 18, 2001. Investigation reveals the incident occurred on April 29 and was reported to Frank Doran (Complainant's onsite supervisor) on May 5. Doran filed a Disciplinary Action Report with Rodney Butler (Doran's supervisor). Butler immediately commenced an investigation. Butler contacted the Complainant who told him Kouidri had brushed up against her while on tour of the premises. Butler then reported the incident to Steven Zuchowski, Vice President, who requested a meeting with the Complainant. The Complainant failed to appear at the meeting and she later failed to return Butler's calls and pages. Kouidri was on vacation at this time; he later picked up his last paycheck and resigned.

Investigation reveals the Complainant was reassigned to another location; since there was no public transportation a supervisor was assigned to pick her up. As he had done on prior occasions, Kevin Green drove to the Complainant's location at 12:40 (her shift ended at 1:00) but Mr. Green learned the Complainant had already left. This is a violation of Respondent's policies. Butler contacted the Complainant the next day requesting information about her early departure the preceding evening. She responded that she wanted to resign and did not offer any other explanation or excuse. Investigation reveals she came in the next day and completed a separation form. The Respondent

reassigned the Complainant, investigated the complaint, did not threaten her with termination following her early departure and yet the Complainant voluntarily resigned.

The Respondent immediately investigated the Complainant's allegations immediately upon learning of the incident in accordance with its stated policies. Complainant does not allege there were prior incidents which the Respondent failed to investigate. Other than reporting the incident 5 days after the incident occurred, the Complainant failed to provide any other information to the Respondent. On its own, the Respondent reassigned the Complainant; thereafter she violated Respondent's policies when she left early without permission. There is no dispute that she voluntarily resigned her position. The investigator requested the Complainant provide a rebuttal; she has not done so. Complainant does have legal representation who also has failed to provide a rebuttal. It is recommended this complaint be dismissed for lack of probable cause.

_____
Jeannine K. Rice, Investigator

_____
Jean A. Clanton, Supervisor