UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARY NEWELL,
                    Plaintiff,

v.                                                          CIVIL ACTION NO.:
                                                            04-10429-JGD
CELADON SECURITY SERVICES,
INC., RODNEY BUTLER, KEITH
GREEN, AND ABEDEKADER
KOUIDRI,
                    Defendants.

DEFENDANT CELADON SECURITY SERVICES, INC.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND FOR COSTS

Defendant Celadon Security Services, Inc. ("Celadon"), pursuant to Fed. R. Civ.

P. 37(a) and Local Rule 37.1, respectfully moves this Honorable Court to compel the

Plaintiff, Mary Newell ("Newell"), to produce certain documents relevant to this

proceeding and requested in Celadon's Request for Production of Documents.  As

grounds therefore, Celadon states that Newell has chosen to flout the procedural rules and

accordingly must be compelled by this Court to meet her long overdue and unjustifiably

delinquent discovery obligations.  In addition, in light of Newell's intentional refusal to

comply with her basic discovery obligations, Celadon requests that this Honorable Court

require Newell to pay costs in connection with the bringing of this motion.

    1.      Newell's complaint initiating this action was filed against Celadon and

certain of its former employees alleging sexual harassment, discrimination based on sex,

retaliation, intentional infliction of emotional distress, intentional interference with

advantageous business relations and assault and battery.

2.    A portion of the damages requested by Newell include medical costs in connection with the intentional infliction of emotional distress claim, as well as emotional distress damages for the alleged sexual harassment.

3.    Celadon's First Request for Production of Documents (the "Document Request") was served upon Newell by first class mail by letter dated October 29, 2004.

4.    Included among the documents requested by the Document Request were:

"1.    Any and all documents including records and bills relating to hospital, physician, psychiatric, psychotherapy, and psychology care and counseling, and other records and bills for any other medical, psychiatric, or psychological consultation, or any other consultation, counseling, advice, care or treatment, incurred by you as a result of the conduct of any of the Defendants or otherwise as a result of the series of events which forms the basis of your claim in this proceeding.

2.    Any and all documents including records and bills relating to hospital, physician, psychiatric, psychotherapy, and psychology care and counseling, and other records and bills for any other medical, psychiatric, or psychological consultation, or any other consultation, counseling, advice, care or treatment, incurred by you during the five (5) year period **prior to** your employment with Celadon, during your employment with Celadon, or thereafter." (emphasis added).

5.    On or about December 9, 2004, after repeated inquiries by Celadon's counsel, Newell's counsel finally provided Newell's response to the Document Request (the "Document Request Response").[1]  Such response was approximately two weeks overdue when delivered.

6.    The Document Request Response included an objection to the production of the requested medical records.  For the first time, Newell indicated that a

---

[1] Simultaneously, Newell finally provided her automatic disclosure as required under Fed. R. Civ. P. 26(a), which disclosure was more than a month overdue.

"confidentiality agreement acceptable to" Newell must be executed prior to producing any of her medical records.

7.     Less than one week after receiving the Document Request Response, Celadon's counsel provided a draft confidentiality agreement to Newell's counsel for his review.  Approximately two weeks thereafter, Newell's counsel provided comments. Shortly thereafter, the confidentiality agreement was executed between the parties and certain medical records were provided to Celadon by Newell's counsel.

8.     Soon thereafter, Celadon's counsel realized that Newell's document production only included medical records relating to treatment after the date of termination of her employment, but failed to include any medical records from the period *prior to* her employment with Celadon.  It was clear from the medical records she did produce that she had a lengthy history of mental illness predating her employment with Celadon.  Medical records for the period beginning five years prior to her employment with Celadon were specifically requested in Document Request No. 2.

9.     When this issue was raised with Newell's counsel, he indicated that he did not believe the medical records prior to Newell's employment with Celadon were relevant to any issue in this proceeding.  To date, Newell has failed to produce the requested documents despite Celadon's repeated requests to do so.

10.     Fed. R. Civ. P. 26(b) provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . .  The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

11.     Although documents requested in litigation must be relevant to the proceeding, the concept of relevancy should be liberally construed, and is unrelated to the admissibility of the evidence. *See, e.g.*, *United States v. Mass. Indus. Finance Agency*, 162 F.R.D. 410 (D.Mass. 1995). With regard to the medical records requested, specifically, Newell has placed her medical condition at issue in this proceeding by claiming, among other things, emotional distress as a result of the sexual harassment claims underlying this proceeding. Indeed, medical costs form a significant portion of her claim for damages in this action. Federal courts have consistently given wide latitude to relevance issues relating to medical records. For example, one court has held that where a former employee asserted a claim of emotional distress in connection with his termination due to alleged racial discrimination, his psychological records were relevant for discovery, even where the employee had stated that the records primarily related to personal matters unrelated to the lawsuit. *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131 (E.D.Pa. 2001). Where Newell claims that the defendants' conduct has resulted in emotional and psychological damage to her, it is simply impossible to reconcile this with her stance that medical records relating to *the exact same conditions existing prior to her employment* are irrelevant.

12.     All the documents requested are relevant to the issues of liability and/or damages, are within the scope of permissible discovery, and Celadon would be significantly prejudiced unless the requested documents are provided.

13.     The conduct of Newell necessitated both this Motion and the reasonable expenses incurred in obtaining compliance, including reasonable attorneys' fees in the amount of One Thousand One Hundred and Fifty ($1,150) Dollars, as indicated in the

Affidavit in Support of Celadon's Motion to Compel Production of Documents and For

Costs, which is attached hereto, incorporated herein, and marked Exhibit A.

WHEREFORE, the Defendant, Celadon Security Services, Inc., respectfully

requests:

1.    That this Honorable Court issue an order compelling the Plaintiff, Mary

   Newell, to produce all documents responsive to Celadon's Document

   Request No. 2, specifically, Ms. Newell's medical records for the five year

   period prior to her employment with Celadon within ten (10) days of the

   allowance of this Motion;

2.    That this Honorable court order Newell to pay the necessary and

   reasonable attorneys' fees incurred in connection with the preparation and

   filing of this Motion, pursuant to Fed. R. Civ. P. 37(a); and

3.    That this Honorable Court issue any order it may deem necessary and

   proper to compel Newell to comply with the request for discovery.

Celadon Security Services, Inc.,

By its attorneys,

/s/ Edward D. Kutchin
Edward D. Kutchin, Esq.
BBO No. 281920
Kerry R. Northup, Esq.
BBO No. 633016
Kutchin & Rufo, P.C.
155 Federal Street
Boston, MA  02110-2210
(617) 542-3000

## REQUEST FOR ORAL ARGUMENT

Celadon believes that oral argument on the subject matter of this motion will assist the Court in evaluating the merits of same and therefore Celadon wishes to be heard and hereby requests a hearing for oral argument on the above motion.

/s/ Edward D. Kutchin
Edward D. Kutchin

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1(A)

On behalf of Defendant Celadon Security Services, Inc., by and through undersigned counsel, I hereby certify that an attempt was made by undersigned counsel to attempt to resolve or narrow the issues raised in the above motion, pursuant to Local Rule 37.1.

/s/ Edward D. Kutchin
Edward D. Kutchin

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy of the foregoing by mailing a copy of same, postage prepaid, to Richard A. Mulhearn, Esquire, Law Offices of Richard A. Mulhearn, 41 Elm Street, Worcester, MA 01609.

/s/ Edward D. Kutchin
Dated: March 3, 2005                Edward D. Kutchin

G:\Files 2\3687\Pleadings\Motion To Compel.Doc