UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY NEWELL,            ) | |
|     Plaintiff,            ) | |
|                            ) | |
| v.                      ) | DOCKET NO.  04-10429- JGD |
|                            ) | |
| CELADON SECURITY SERVICES, INC., ) | |
| RODNEY BUTLER, KEITH GREEN;      ) | |
| AND ABEDEKADER KOUIDRI,          ) | |
|     Defendants.            ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF MEDICAL RECORDS AND PLAINTIFF'S CROSS MOTION FOR A PROTECTIVE ORDER

Plaintiff opposes Defendant's motion to compel the production of medical records and its application for costs. Moreover, Plaintiff moves for a protective order concerning the production of the requested medical records.

### Issue Presented by Defendant's Motion

Stripped of its rhetoric[1], Defendant's motion seeks the wholesale production of **all** medical records and medical bills for medical treatment of Plaintiff, including any psychiatric or psychological treatment, for the **five-year period preceding her employment with Defendant to the present**. Plaintiff opposes the requested production on grounds of privilege, overbreadth, relevance and privacy. Plaintiff also seeks a protective order with respect to this request.

---

[1] The undersigned is perplexed by Defendant's arguments regarding alleged dilatory responses to its discovery requests. Counsel have, through professional courtesy, agreed to various extensions with regard to discovery requests. Indeed, Defendant's counsel obtained a month extension for its discovery responses.

1

**Nature of the Action**

Plaintiff was employed by Celadon as a security guard from 12/11/00 to 5/11/01. Plaintiff alleges that she sexually harassed and sexually assaulted at a work site on 5/5/01 by Defendant Kouidri, a former employee of Celadon that Plaintiff alleges held himself out as a supervisor. Plaintiff reported the sexual harassment and sexual assault to Celadon on 5/7/01. Plaintiff alleges that Celadon failed to properly investigate Plaintiff's complaint and failed to advise her concerning any action taken in response. Plaintiff further alleges that Celadon retaliated against her because she complained about the sexual harassment. The claimed retaliation includes transferring her to a different work site that had no public transportation. Plaintiff had great difficulty traveling to the site and had to rely upon Celadon to pick her up at the end of her shift. Plaintiff also alleges that the new assignment involved less pay for her. Plaintiff also had no operable telephone at the site and failed to receive a promised phone. On 5/11/01, Plaintiff was stranded at the site late at night without a phone when no Celadon employee arrived to pick her up. After waiting approximately 45 minutes, Plaintiff proceeded to make her way home on foot. Plaintiff's trip home alone at that late hour was frightening and traumatic to her. Plaintiff resigned as a result of these events.

**Discovery Request in Dispute**

**Request No. 2.**   Any and all documents including records and bills relating to hospital, physician, psychiatric, psychotherapy, and psychology care and counseling, and other records and bills for any other medical, psychiatric, or psychological consultation, or any other consultation, counseling, advice, care or treatment, incurred by you **during the five (5) year period prior to your employment with Celadon, during your employment with Celadon, or thereafter**.

**Response:**     Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request on the grounds that it seeks confidential medical information that is protected from disclosure by doctor/patient privileges.  The request also represents an unreasonable invasion of Plaintiff's privacy.
      Notwithstanding this objection, and without waiving it, Plaintiff will produce responsive documents concerning any treatment for any medical condition caused by Defendants' conduct upon execution of a confidentiality agreement acceptable to Plaintiff.

The parties subsequently signed a confidentiality agreement and Plaintiff produced medical records, including psychiatric and psychological treatment records, for the period following Plaintiff's cessation of employment with Celadon.  Plaintiff specifically indicated that medical records for treatment prior to February 2001 were not being produced as set forth in the objection to the request.  These motions follow.

**Argument**

**A.     The Requested Medical Records Are Privileged**

The requested medical records are privileged.  See M.G.L. c. 111, § 70E (confidentiality of medical records). Psychotherapy and social worker records receive greater protection.  M.G.L. c. 233, § 20B;  M.G.L. c. 112, § 135B. Under  M.G.L. c. 233, § 20B, a patient has a qualified privilege to refuse to disclose and to prevent any witness from disclosing such communications subject to six enumerated exceptions.  M. G.L. c. 233, § 20B(a)-(f). The only exception relevant to this case provides that the privilege shall not apply:

> In any proceeding … in which the patient introduces his mental or emotional condition as an element of his claim or defense, **and** the judge or presiding officer finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.

M.G.L. c. 233, § 20B(c) (emphasis added)

**B.    The Request is Overbroad**

Defendant seeks the wholesale production of all medical records and medical bills for medical treatment of Plaintiff, including any psychiatric or psychological treatment, for the five-year period preceding her employment with Defendant to the present.  Defendant has not set forth any rational justification sufficient to overcome the privilege for the production of medical records relating to medical conditions or treatment that bear no relation to the issues in this action.  Plaintiff has not placed her past and present medical conditions in issue simply by her claim of emotional distress from the discriminatory actions of Defendant.  The request is patently overbroad and is an attempt by Defendant to conduct a "fishing expedition" in areas bounded by privilege and privacy.  The motion to compel documents pursuant to this request accordingly should be denied.

Defendant argues that the records should be produced because "a portion of the damages requested by [Plaintiff] include medical costs in connection with the intentional infliction of emotional distress claim" and that "medical costs form a significant portion of her claim for damages in this action."  Plaintiff challenges these statements of Defendant.  Plaintiff has made no specific claim for medical costs against Defendant.  Regardless, Plaintiff has not opposed the production of medical records and bills concerning items sought as costs against Defendant.  Moreover, Defendant's

4

blanket request for medical records **preceding** Plaintiff's employment with Defendant would not be related to medical costs sought against it.

C.   **Defendant Has Not Met Its Burden to Overcome the Privilege with Regard to Pre-Employment Medical Records Concerning Psychiatric or Psychological Treatment**

Defendant argues that it is entitled to Plaintiff's pre-employment medical records of psychiatric or psychological treatment because the medical records that were produced by Plaintiff indicated that she had a lengthy history of mental illness that predated her employment with Celadon. Plaintiff does not dispute that she had such a history. However, Plaintiff submits (1) that she has not introduced her mental or emotional condition as an element of her claims against Celadon; and (2) it is **not** more important to the interests of justice that the records be disclosed than that the relationship between Plaintiff and her psychotherapist be protected. M.G.L. c. 233, § 20B(c).

Plaintiff has not asserted a claim of intentional infliction of emotional distress against Celadon. Plaintiff does seek an award of emotional distress damages against Celadon in connection with her discrimination claims against it. Complaint, Counts I through IV. Emotional distress is not an element of Plaintiff's discrimination claim against Celadon. It is an aspect of Plaintiff's damages.

Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D. Mass. 1997) held that a plaintiff does not waive the privilege by seeking damages for emotional distress. In that case, the Plaintiff filed suit against her municipal employer, alleging it discriminated against her on the basis of sex and then retaliated against her after she complained about the discrimination. In her complaint, Plaintiff sought damages for emotional distress. Defendant filed a motion to compel Plaintiff to: 1) produce her psychiatric and

5

psychotherapeutic records, 2) to answer interrogatories concerning the substance of her psychiatric treatment, and 3) to allow depositions of any mental health professionals who had treated her. In response, Plaintiff filed a motion for a protective order to prevent such discovery. The court granted the motion for protective order finding that Plaintiff's records and consultations with her psychiatrist were protected by the psychotherapist-patient privilege. In doing so, the court rejected Defendant's argument that Plaintiff had waived the privilege by making her mental condition an issue in the case. The court noted that the privilege existed "so long as Plaintiff does not call as a witness a person who has provided her with psychotherapy, and does not introduce into evidence the substance of any communication with such a person."

In this case, Plaintiff has produced **post-termination** medical records concerning emotional distress. Plaintiff objects to the production of **pre-employmen**t medical records concerning psychological treatment. Plaintiff has no intention of calling as a witness a person who has provided her with psychotherapy prior to her employment with Celadon, and does not intend to introduce in evidence the substance of any communication with such a person.

D.      **Should the Court Determine that Pre-Employment Medical Records Concerning Psychiatric or Psychological Treatment May Be Relevant, Plaintiff Requests the Court to Conduct an In Camera Inspection**

In the alternative, Plaintiff requests to Court to conduct an in camera inspection of the requested medical records to determine which, if any, of her **pre-employmen**t medical records concerning psychological treatment sought by Defendant must be produced. Plaintiff requests this to safeguard her interest in privacy and to limit any unnecessary intrusion on her rights by Defendant.

WHEREFORE, Plaintiff respectfully requests that Defendant's motion to compel and for costs be denied and that her request for a protective order concerning the production of such records be granted.  In the alternative, Plaintiff requests to Court to conduct an in camera inspection of the requested medical records to determine which, if any, of her **pre-employment** medical records must be produced.

MARY NEWELL,

By her attorney,


/ s / Richard A. Mulhearn
Richard A. Mulhearn, Esquire
BBO#  359680
Law Office of Richard A. Mulhearn, P.C.
41 Elm Street
Worcester, MA 01609
Tel:  (508) 753-9999

Dated: March 15, 2005.


LOCAL RULE 7.1(A)(2) CERTIFICATE

Richard A. Mulhearn, Attorney for Plaintiff, certifies that he has conferred with opposing counsel and that a good faith attempt was made to eliminate or narrow the issues raised in this cross motion.


/ s / Richard A. Mulhearn


Dated:  March 15, 2005.