UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARY NEWELL,
       Plaintiff,

v.

CELADON SECURITY SERVICES,
INC., RODNEY BUTLER, KEITH
GREEN, AND ABEDEKADER
KOUIDRI,
       Defendants.

CIVIL ACTION NO.:
04-10429-JGD

DEFENDANT CELADON SECURITY SERVICES, INC.'S REPLY TO PLAINTIFF'S
RESPONSE TO MOTION TO COMPEL, AND OPPOSITION TO CROSS MOTION
FOR A PROTECTIVE ORDER

**I.    INTRODUCTION**

Defendant Celadon Security Services, Inc. ("Celadon") respectfully submits this reply to Plaintiff's Response to Celadon's Motion to Compel, and opposition to Plaintiff's cross motion for a protective order. The parties are in dispute with regard to whether Plaintiff should be entitled to, effectively, "partially waive" her privileges with regard to certain medical records and only partially produce the documents sought by Celadon. Applicable state law as well as the Federal Rules of Civil Procedure clearly indicate that the documents Celadon seeks should be produced. In addition, sheltering the medical records in the manner Plaintiff desires would be grossly prejudicial to Celadon.

Plaintiff has brought this action against Celadon and certain of its former employees alleging harassment and retaliation based on sex, as well as an additional count for intentional infliction of emotional distress, although such count is not asserted

against Celadon directly, but rather only certain of its former employees. With respect to all counts, and among other things, Plaintiff seeks compensatory damages, including medical costs. Plaintiff has already produced medical records for the time period *after* her employment with Celadon, which clearly show that Plaintiff suffered severe psychological problems both prior to and after her employment with Celadon. The parties are now in dispute as to whether Plaintiff must produce medical records for the time period *prior to* her employment with Celadon.

## II.     ARGUMENT

Plaintiff essentially argues that the requested medical records are privileged pursuant to two separate theories of law – (1) Massachusetts statutory law, and particularly M.G.L. c. 233, §20B, and (2) federal common law, under *Jaffee v. Redmond*, 518 U.S. 1 (1996) and its progeny. In light of the circumstances at issue in the instant action, however, Plaintiff has clearly waived her privilege under either legal theory. Even if Plaintiff has not waived the privilege, it appears perfectly clear that the interests of justice require the production of the documents, in light of the gross prejudice that Celadon would suffer in the absence of their production. Alternatively, the privilege applies solely to communications, and Plaintiff should therefore be required to produce, at minimum, documents not protected under the privilege.

    1.     <u>Plaintiff Has Waived Her Privilege Under Massachusetts Law and Federal Common Law By Placing Her Mental State At Issue</u>.

The therapist-patient communication privilege can be waived under both Massachusetts law and federal common law if the party puts mental or emotional condition at issue. *See* M.G.L. c. 233, §20B(c); *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 228 (D.Mass. 1997). Here, the Plaintiff has waived the privilege both by

2

putting her mental or emotional condition at issue, as well as by partially producing her medical records relating to her psychological treatment.  Plaintiff has asserted a claim for intentional infliction of emotion distress against certain defendants in this action, as well as by seeking compensatory damages such as emotional distress against all defendants, including Celadon.  Under Massachusetts law, compensatory damages includes emotional distress and medical costs.  *See*, *generally*, 14A Mass. Prac. § 10.24.

Although the Court in *Vanderbilt* generally held that merely by asserting a claim for damages due to emotional distress did not operate as a waiver of the privilege, the facts in the instant action are quite distinguishable.  In *Vanderbilt*, the plaintiff was allegedly discriminated against and then retaliated against by the defendants.  There, the similarities with the instant action end.  In *Vanderbilt*, the defendants sought production of her post-employment psychiatric care in connection with defending themselves against plaintiff's claim for damages.  In the instant action, however, Celadon seeks Plaintiff's pre-employment medical records in order to show that her psychological condition was simply yet another incident in a long history of unstable mental behavior.  Stated differently, Plaintiff's pre-employment medical records are critical to showing that (1) Plaintiff simply suffered yet another recurrence of what is effectively a chronic condition, and therefore no damages should be recovered therefor, and (2) that Plaintiff's recurring history of paranoia and depression resulted in her overreacting to a what was, even if we accept Plaintiff's allegations as true, a limited one-time incident.  Otherwise, Celadon is effectively asked to defend itself against a claim for emotional distress without having an opportunity to review all relevant facts.

In addition, Plaintiff has effectively waived her privilege by producing some of the requested documents. Again, Plaintiff has already produced medical records relating to her treatment following her employment with Celadon, while seeking to shelter her pre-employment records. Quite simply, Plaintiff should not be entitled to produce those records helpful to her case while shielding from discovery those which may be harmful. Plaintiff should not be permitted to prevent the discovery of documents which are likely to show that her post-employment mental condition was simply yet another recurrence of a long history of mental instability. Allowing Plaintiff to selectively disclose her medical records in this fashion would work a grave injustice against Celadon inasmuch as it would appear that Plaintiff intends to introduce evidence of her serious medical disorders following her employment with Celadon, while keeping out the fact that she suffered from equally serious mental disorders prior to her employment with Celadon. Her partial production of her medical records is properly viewed as a waiver as to all of her medical records as to the relevant time period, and she should therefore be required to produce the requested documents.

2. <u>Alternatively, Plaintiff is At Least Required to Produce the Documents Not Protected by the Privilege</u>

Both M.G.L. c. 233, §20B and the psychotherapist-patient privilege set forth in Jaffee relate to *communications* between the patient and psychotherapist. As the Court in Vanderbilt noted:

> "To clarify the scope of the privilege, it is also important to note what it does not protect. Facts regarding the very occurrence of psychotherapy, such as the dates of treatment, are not privileged. And so, for example, if Plaintiff was seeing a psychotherapist before any actionable emotional injury allegedly occurred, the dates of such pre-existing treatment would be available to Defendants. The substance of the psychotherapistpatient communications is privileged. The fact that such communication took place is not."

4

*Vanderbilt*, 174 F.R.D. at 230. At a minimum, therefore, Celadon should at least to be entitled to receive all documents not relating to the "substance of psychotherapist-patient communications". *See, also, In Re Adoption of Saul*, 60 Mass. App.Ct. 546, 552-553 (2004)(holding that notations regarding diagnosis of patient does not constitute privileged communication under M.G.L. c. 233, §20B).

### III. CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court should grant Defendant Celadon Security Services, Inc.'s Motion to Compel, and deny Plaintiff Mary Newell's Motion for Protective Order.

Celadon Security Services, Inc.,

By its attorneys,

/s/ Kerry R. Northup
Edward D. Kutchin, Esq.
BBO No. 281920
Kerry R. Northup, Esq.
BBO No. 633016
Kutchin & Rufo, P.C.
155 Federal Street
Boston, MA  02110-2210
(617) 542-3000

### CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy of the foregoing by mailing a copy of same, postage prepaid, to Richard A. Mulhearn, Esquire, Law Offices of Richard A. Mulhearn, 41 Elm Street, Worcester, MA 01609.

Dated: March 18, 2005

/s/ Kerry R. Northup
Kerry R. Northup

F:\3687\Pleadings\Reply Re Motion To Compel.Doc