SEP 1 8 2003

**MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION**
**ONE ASHBURTON PLACE, ROOM 601 BOSTON, MA 02108**
**(617) 727-3990**

**-DISMISSAL and NOTIFICATION of RIGHTS-**

| | | |
|---|---|---|
| To: | Mary Newell<br>2262 Dorchester Ave. #110<br>Dorchester, MA 02121 | Case: Newell v. Celadone Security<br>MCAD Docket #: 01-13-1482<br>EEOC No: 16CA11793<br>Investigator: Jeannine Rice |

Your complaint is dismissed for the following reason(s):

[  ]     The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[  ]     Respondent employs less than the required number of employees.

[  ]     Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file.  Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[  ]     You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint.  You have had more than 30 days in which to respond to our written request.

[  ]     The Commission's efforts to locate you have been unsuccessful.  You have had at least 30 days in which to respond to a notice sent to your last known address.

[  ]     The Respondent has made a reasonable settlement, offering full relief for the harm you alleged.  30 days have expired since you received actual notice of this settlement offer.

[ X ]     The Commission issues the following determination.  Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes.  This does not certify that the Respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this complaint.

[  ]     Other:

**-NOTICE OF APPEAL-**
If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this commission within 10 days after receipt of this notice.  Your appeal of the dismissal must be made in writing by you or your attorney to the appeals clerk of this Commission. (Attention: Ms. Nancy To).

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission.  Our finding, which will be forwarded to its area office, One Congress Street Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA as amended.

Walter J. Sullivan
Investigating Commissioner

Date: 9/16/03

Edward D. Kutchin
Kutchin & Rufo
175 Federal Street
Boston, MA 02110

TO:             Case File
                Newell, Mary v. Celedon Security Services, Inc.
                01-13-1482
                EEOC#: 16CA117931
                No. of Ees: 25+

FROM:           Jeannine Rice

RE:             Recommendation for Dismissal of Complaint

**Issues Investigated:**

Whether Complainant was subjected to discrimination on the basis of Sex (Sexual Harassment) and Other (Retaliation) when she was constructively discharged following her filing a sexual harassment complaint in violation of Chapter 151B, §4, ¶16A, 4 and Title VII of the 1964 Civil Rights Act as amended.

**Summary of Findings:**

Complainant worked for the Respondent as a security guard for five months beginning on December 11, 2000. She claims she was sexually assaulted by a "foreign employee" Abedekader Kouidri. Complainant stated Kouidri was out of uniform at the time of the incident, always gave her orders and was very pushy because she was the only female on site." Complainant alleges this incident took place on May 1 when she was working overtime at 1 Kendall Place. Complainant further alleges that she was stranded at a dangerous work site without transportation or a phone in retaliation for filing the complaint. As a result of the hostile work environment and Respondent's retaliatory actions, the Complainant resigned on May 18, 2001. Investigation reveals the incident occurred on April 29 and was reported to Frank Doran (Complainant's onsite supervisor) on May 5. Doran filed a Disciplinary Action Report with Rodney Butler (Doran's supervisor). Butler immediately commenced an investigation. Butler contacted the Complainant who told him Kouidri had brushed up against her while on tour of the premises. Butler then reported the incident to Steven Zuchowski, Vice President, who requested a meeting with the Complainant. The Complainant failed to appear at the meeting and she later failed to return Butler's calls and pages. Kouidri was on vacation at this time; he later picked up his last paycheck and resigned.

Investigation reveals the Complainant was reassigned to another location; since there was no public transportation a supervisor was assigned to pick her up. As he had done on prior occasions, Kevin Green drove to the Complainant's location at 12:40 (her shift ended at 1:00) but Mr. Green learned the Complainant had already left. This is a violation of Respondent's policies. Butler contacted the Complainant the next day requesting information about her early departure the preceding evening. She responded that she wanted to resign and did not offer any other explanation or excuse. Investigation reveals she came in the next day and completed a separation form. The Respondent

reassigned the Complainant, investigated the complaint, did not threaten her with termination following her early departure and yet the Complainant voluntarily resigned.

The Respondent immediately investigated the Complainant's allegations immediately upon learning of the incident in accordance with its stated policies. Complainant does not allege there were prior incidents which the Respondent failed to investigate. Other than reporting the incident 5 days after the incident occurred, the Complainant failed to provide any other information to the Respondent. On its own, the Respondent reassigned the Complainant; thereafter she violated Respondent's policies when she left early without permission. There is no dispute that she voluntarily resigned her position. The investigator requested the Complainant provide a rebuttal; she has not done so. Complainant does have legal representation who also has failed to provide a rebuttal.    It is recommended this complaint be dismissed for lack of probable cause.

_____
Jeannine K. Rice, Investigator


_____
Jean A. Clanton, Supervisor