UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARY NEWELL,
    Plaintiff,

v.

CELADON SECURITY SERVICES, INC., RODNEY BUTLER, KEITH GREEN, AND ABEDEKADER KOUIDRI,
    Defendants.

CIVIL ACTION NO.:
04-10429-JGD

## DEFENDANT CELADON SECURITY SERVICES, INC.'S REPLY MEMORANDUM OF LAW TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant Celadon Security Services, Inc. ("Celadon"), respectfully submits this reply to the Plaintiff Mary Newell's ("Plaintiff") Opposition to Celadon's Motion for Summary Judgment (the "Opposition"). Celadon is filing this Reply to dispute certain factual statements and attendant arguments set forth in the Opposition.

    1.    <u>Koudri's Harassment Was Not Furthered by Any Apparent Authority</u>

Even assuming, *arguendo*, that co-defendant Abedekader Koudri ("Koudri"), the individual who allegedly committed the act of sexual harassment at issue in this proceeding, was reasonably believed by Plaintiff to have authority over her, Celadon is still not liable under the facts as set forth by the Plaintiff. In the Opposition, Plaintiff notes that an employer may be "liable for the abusive work environment created by a supervisor if the supervisor **uses** his actual or apparent authority to further the harassment, or if he was otherwise **aided** in accomplishing the harassment **by the existence of the agency relationship**." *Opposition*, at 11 (emphasis added)(citations omitted). Plaintiff fully acknowledges that the alleged incident

of sexual harassment occurred when an on-site supervisor (not Koudri) ordered Koudri to give Plaintiff a tour of the facility. *Plaintiff's Affidavit*, dated July 14, 2005, at ¶ 6. While in the basement during part of the tour, Koudri allegedly assaulted the Plaintiff. *Id.* Under these facts, even if Koudri somehow had apparent authority over the Plaintiff (which Celadon vehemently denies), this fact is rendered completely irrelevant, inasmuch as the apparent authority was neither used by Koudri, nor aided in the accomplishment of the harassment, where the Plaintiff was ordered to go on a tour of the building along with Koudri by another security guard and where the sexual harassment was limited to a single instance of assault.

2. <u>Plaintiff Was Paid $8.50 Per Hour While Employed at Marina Bay</u>

Notwithstanding the Plaintiff's allegations as set forth in Paragraph 14 of her Statement of Material Facts of Record As to Which There Exists a Genuine Issue to be Tried and Page 4 of the Opposition, Plaintiff's salary was $8.50 per hour during the entire course of her employment with Celadon, excepting only when she was paid minimum wage during training sessions. The documentary evidence is clear and incontrovertible regarding this matter. Celadon's payroll records for the period commencing January 1, 2001 through May 25, 2001 show that she was consistently paid (1) $8.50 per hour at every facility at which she was employed, (2) $12.75 per hour for overtime, and (3) $6.75 per hour for training. The payroll records, previously attached as Exhibit H to Celadon's Memorandum of Law in support of its Motion for Summary Judgment, is attached hereto as Exhibit A for the Court's convenience, which document was also produced by Plaintiff as part of her response to Celadon's document request.

Celadon Security Services, Inc.,
By its attorneys,

/s/ Kerry Northup
Edward D. Kutchin, Esq.
BBO No. 281920
Kerry R. Northup, Esq.
BBO No. 633016
Kutchin & Rufo, P.C.
155 Federal Street, 17th Floor
Boston, MA 02110-1727
(617) 542-3000

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy of the foregoing by mailing a copy of same, postage prepaid, to Richard A. Mulhearn, Esquire, Law Offices of Richard A. Mulhearn, 41 Elm Street, Worcester, MA 01609.

Dated: July 22, 2005         /s/ Kerry R. Northup
                             Kerry R. Northup

F:\Files\3687\Pleadings\Reply re Opposition to SJ.doc